1  STEPHAN C. WILLIAMS (SBN 37755)
   Attorney at Law
2  1615 Bonanza Street, Suite 211
   Walnut Creek, CA 94596
3  (925) 939-6822
   (925) 939-6823 (Fax)
4

5  Attorney for Plaintiff
   KATHLEEN MCLAUGHLIN
6

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

KATHLEEN MCLAUGHLIN,

    Plaintiff,

vs.

SOLANO COUNTY, CHRISTINA LINVILLE a.k.a. CHRISTINA ARAGUSTO and MICHELE HARRIS and DOES 1 through 5 inclusive,

    Defendants.

Civil Action No. C 07-4359

**COMPLAINT FOR DAMAGES**
1. **Federal Medical Leave Act 29 USC § 260 et seq.**
2. **California Family Rights Act [CFRA]**
3. **Americans with Disabilities Act [ADA]**
4. **California Fair Employment & Housing Act [FEHA]**
5. **Fraud (Deceit)**
6. **Libel**
7. **Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

Plaintiff, KATHLEEN MCLAUGHLIN, alleges as follows:

## I. PRELIMINARY STATEMENT

1. This action seeks equitable relief, liquidated, compensatory and punitive damages and costs and attorneys fees for discrimination suffered by the plaintiff, i.e. arising violations of both Federal and State Family Leave Acts; failure to accommodate under ADA and California Fair Employment Act. Plaintiff also seeks damages for fraud, defamation and infliction of emotional distress.

## II. JURISDICTION

2. This action arises under the Federal Medical Leave Act 29 USC § 260 et seq.

1
**COMPLAINT**

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC § 1343(a) and USC §§ 216(b) and 626(c)(1); and over the state law claims pursuant to the doctrine of pendent jurisdiction.

4. Jurisdiction over the federal claims is appropriate because on April _12, 2007 plaintiff KATHLEEN MCLAUGHLIN filed charges with the EEOC and the Fair Employment and Housing Commission asserting that her employer, Solano County, failed to accommodate her medical condition and violated the Family and Medical Leave Act [FMLA].

5. Injunctive Relief

6. Liquidated damages

7. Costs and attorneys fees may be awarded pursuant to Federal Rules of Civil Procedure 54 and § 2000 E-5(g)(2)(B)(i) and for state protected civil rights such fees and costs are available under FEHA.

## III. VENUE

8. This action properly lies in the Northern District of California, pursuant to 28 USC § 1391(b), because the claim arose in this judicial jurisdiction.

## IV. PARTIES

9. Plaintiff KATHLEEN MCLAUGHLIN is a citizen and resident of the United States, County of Solano, State of California and is a female.

10. Defendant SOLANO COUNTY, which is a public entity employer and employs more than 50 regular employees.

11. Plaintiff is informed and believes and on such information and belief alleges that the individual defendants CHRISTINA LINVILLE a.k.a. CHRISTINA ARAGUSTO and MICHELE HARRIS were and are managerial employees of the defendant SOLANO COUNTY and in doing the things alleged herein or omitting to perform their duties under the federal discrimination laws.

12. Said individual defendants were acting within the scope of their agency employment and with the permission and consent of the defendant SOLANO COUNTY.

13. Plaintiff is informed and believes and therein alleges that each of the defendants designated herein as a "DOE" is legally responsible, in some manner or form, for the events described herein, and legally caused the injuries and damages to plaintiff, as herein alleged. Plaintiff will ask that

1  this Complaint be amended when the true names of said defendants are ascertained in order to
2  insert those true names together with appropriate allegations.

### V.  FACTS

14. Plaintiff began her employment with the defendant SOLANO COUNTY on July 5, 2004 as a program and contract specialist. As far as known to the plaintiff, during the course of her 2 year employment she was never disciplined and was lead to believe that she was performing at a better than satisfactory level.

15. In early June 2006 plaintiff, who was then suffering from both physical and mental illnesses, applied for and received from her employer leave pursuant to the Family Medical Leave Act which is found at 29 USC § 260, et seq.

16. Plaintiff returned from her family leave on or about July 5, 2006 and on July 7, 2006 petitioner was terminated. The reason given by the defendants for the termination was that "her services were no longer needed".

17. Plaintiff believes and on such belief alleges that her abrupt discharge upon returning from her family medical leave was retaliatory and in violation of the FMLA that prohibits retaliation for exercising ones right under the Family Medical Leave Act.

18. Plaintiff as a precondition for filing this lawsuit, filed charges with the Federal Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing regarding Defendants' discriminatory conduct. Petitioner has requested a "right to sue" letter from both the federal and state agency and is expected that such permission to sue will be granted shortly.

19. As a direct and proximate result of the defendant's violation of the FMLA plaintiff suffered special damages including but not limited to loss of income, which as of the date of this complaint exceeds $75,000.

20. As a further and direct result of defendants' misconduct plaintiff suffered severe emotional distress damages in an amount exceeding $500,000.

### Second Cause of Action- Violation of California Family Rights Act [CFRA]

21. By this reference plaintiff incorporates the allegations of paragraphs 1 through 20 above

except to substitute for wherever it appears in said paragraph the CFRA for the Federal Family and Medical Leave Act.

### Third Cause of Action- Americans With Disabilities Act [ADA]

22. By this reference plaintiff incorporates each and every allegation of paragraphs 1 through 20.

23. From approximately January 2006 to June 15, 2006 plaintiff repeatedly sought from her employer, defendant SOLANO COUNTY, an accommodation in respect to her working hours. During said period of time, plaintiff was suffering from medical conditions plantor feciitis and chronic pain that deprived her of an undisturbed restful sleep during the nocturnal hours. The defendant Solano County, through it's managerial agents CHRISTINA LINVILLE a.k.a. CHRISTINA ARAGUSTO and MICHELE HARRIS was well aware of the plaintiff's medical condition and her need for accommodation but said defendant Solano County refused or failed to accommodate the plaintiff's reasonable request for flex starting hours. More specifically, plaintiff requested that instead of reporting for work at 8:00 a.m. each morning that she be permitted to begin her workday later in the morning and make up for these "lost" hours by remaining at work after the normal work day ended. The defendant SOLANO COUNTY through its managerial agents CHRISTINA LINVILLE a.k.a. CHRISTINA ARAGUSTO and MICHELE HARRIS refused or failed to accommodate plaintiff's reasonable request.

24. When plaintiff returned from the leave granted to her under the Family Care and Medical Leave Act [FMLA] it was with a restriction imposed by her treating physician that she restrict, for a limited period of time, her working hours to 4 per day. Instead of accommodating the plaintiff for her disability or medical condition, defendant SOLANO COUNTY terminated her on the grounds that her services were no longer needed. It is plaintiff's belief and on such belief alleges that her discharge was motivated either totally or in large part by her physician imposed restriction as to her daily working hours.

### Fourth Cause of Action - California Fair Employment and Housing Act specifically Government Code § 12926(i)

25. By this reference plaintiff incorporates each and every allegation of paragraphs 1 through

1  20.

2  26. On or about July 5, 2006 plaintiff returned from 15 days of leave taken under California Family Rights Act. On July 7, 2006, two days after the day plaintiff returned from the leave taken under the Family Leave Act she was discharged after notifying her employer that her return was on a restricted basis due to her physical and mental disabilities.

Fifth Cause of Action – Fraud and Deceit

Suppression of Material Facts

27. By this reference plaintiff incorporates each and every allegation of paragraph 4 and 5.

28. On or about July 7, 2006 or three days after plaintiff's return from her family leave granted under CFRA, plaintiff was called into the office of defendant LINVILLE where she was told that her services were no longer needed. When plaintiff pressed the defendant LINVILLE for a more precise and detailed reason for her abrupt discharge she was told by the defendant LINVILLE that no further explanation would be provided. Thus the plaintiff left the employ of defendant Solano County believing that her dismissal was totally unrelated to any performance issues.

29. On or about December 10, 2006, on the advice of counsel, plaintiff requested and received permission to review her personnel file. On examining her file, plaintiff to her great surprise, discovered in said personnel file a document having a bearing on her discharge and entitled "Solano County Employee Separation Report". A true and correct copy is attached hereto as Exhibit A and incorporated by this reference. Exhibit A was completed July 6, 2006 and gives the reason for plaintiff's termination as "gross misconduct". Exhibit A has a place for the affected employee's signature but in this instance such signature line reads "K. McLaughlin by Linville". Further, although the separation report requires "details of final circumstances leading to separation" none are given. Defendant failed to provide petitioner with either copies of any prior warnings or a description of the alleged misconduct that support the "gross misconduct" charge.

30. According to the employee handbook issued by the County of Solano all employees of said defendant have the right to appeal to the Solano County Civil Service Commission any disciplinary action taken against him or her. A termination based on gross misconduct is a recognized form of disciplinary action. If discipline is imposed against an employee, said employee has "7 calendar

1. days from notice of a disciplinary action to file a written appeal to the Civil Service Commission through the director of human resources". A true and correct copy is attached hereto as Exhibit B. See Exhibit B for further details of the appeal process. By concealing from the plaintiff the disciplinary based reasons for her discharge plaintiff, as a direct and proximate result, was deprived of her right to appeal her dismissal to her great prejudice. Plaintiff further alleges that the concealment of this material fact was intentional and malicious and done in total disregard of the plaintiff's employment rights.

31. Furthermore, at the time plaintiff applied and took family leave it was represented by defendant Solano County that upon plaintiff's return from said family leave that she would be "employed in the same or comparable position with the same or similar duties and pay..." Plaintiff alleges that at the time she left on her family leave and continuing thereafter up until July and including July 7, 2006 said defendant never intended to return plaintiff to her former position but intended all along to discharge her if she returned from her leave with a restriction imposed by her treating physician.

32. Wherefore plaintiff prays for judgment as hereinafter stated.

### Sixth Cause of Action -

### Libel

33. By this reference plaintiff incorporates each and every allegation of paragraphs 1 through 20.

34. The written statements made in "Solano County Employee Separation Report" pertaining to the reasons for plaintiff's discharge were made by CHRISTINA LINVILLE a.k.a. CHRISTINA ARAGUSTO and/or MICHELE HARRIS and such statements were made in the course of their employment, in a ministerial capacity, with the defendant SOLANO COUNTY and acting as agents for said County. Said statements asserting that plaintiff's discharge from Solano County employment were for reasons of gross misconduct were false, made with malice, and irremediably harmful to the plaintiff who, up until the publication of said comments, enjoyed a excellent reputation as a conscientious, loyal and competent public employee. The statement that plaintiff had been discharged for gross misconduct reflected poorly on the previously high regard she was

held by her community including her long years of service on the Martinez School Board and the Contra Costa Mental Health Commission.

35. In the months following plaintiff's discharge from Solano County she applied for numerous other managerial and consulting positions in a variety of public and private enterprises. In applying for such positions, plaintiff necessarily revealed to her perspective employers the fact that she had worked for two years with Solano County in a managerial capacity. Plaintiff is informed and believes that many of these perspective employers to whom she applied for a managerial position made an inquiry to the Solano County Human Resources Department to determine the reasons for plaintiff's termination. Plaintiff is further informed and believes these inquiries by perspective employers resulted in the libelous statements alleged on page 5, lines 15-16 were being conveyed to some, if not all, of such perspective employers. Additionally, republication of the libel continues up until the day of this complaint since plaintiff is still in the process of seeking new permanent employment.

### Seventh Cause of Action -

### Intentional Infliction of Emotional Distress

36. By this reference plaintiff incorporates each and every allegation of paragraphs IV and V and from pages 2 and 3 of this complaint, paragraphs 26, 28, 29, 30, 33 and 34.

37. The conduct of the defendants, as alleged in paragraphs 16, 23, 24, 28, 29 were intentional, malicious and done for the purpose of causing, or in reckless disregard of the probability of causing, plaintiff humiliation, grief, embarrassment, mental anguish and emotional distress. As a proximate result of the above mentioned wrongful acts plaintiff did in fact suffer grief, chagrin, humiliation, embarrassment, severe mental anguish and emotional distress all to her damages in a sum exceeding $500,000.

**VI. PRAYER FOR RELIEF**

38. Wherefore, Plaintiff KATHLEEN MCLAUGHLIN prays for judgment against defendants and each of them as follows:

On the 1st through 4th causes of action

    a. Special damages according to proof.

b.  General damages in the sum of $1,000,000

c.  Punitive damages against the individuals in an amount to be determined by a jury

d.  Costs of Suit; and

e.  Reasonable attorney's fees in accordance with the Federal and State Discrimination statutes

On the 5th and 6th causes of action

a.  Special damages according to proof.

b.  General damages in the sum of $500,000.

c.  Punitive damages in an amount to be determined by a jury.

d.  Costs of suit.

VII.  **JURY REQUESTED**

Dated: August 20, 2007

_____
STEPHAN C. WILLIAMS, ESQ.
Attorney for Plaintiff
KATHLEEN MCLAUGHLIN

8
**COMPLAINT**