1  CAROLEE G. KILDUFF, ESQ., SBN 107232          (SPACE BELOW FOR FILING STAMP ONLY)
   CORI R. SARNO, ESQ., SBN 230559
2  **ANGELO, KILDAY & KILDUFF**
3  Attorneys at Law
   601 University Avenue, Suite 150
4  Sacramento, CA  95825
   Telephone: (916) 564-6100
5  Telecopier: (916) 564-6263

6
   Attorneys for Defendants,
7  SOLANO COUNTY, CHRISTINA ARROSTUTO
   and MICHELE HARRIS
8

9               IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| KATHLEEN McLAUGHLIN, | Case No.: C 07-04359-MEJ |
| Plaintiff, | **DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER TO THE EASTERN DISTRICT** |
| vs. | |
| SOLANO COUNTY, CHRISTINA LINVILLE aka CHRISTINA ARAGUSTO, MICHELE HARRIS and DOES 1 through 5, inclusive, | DATE: NOVEMBER 29, 2007 TIME: 10:00 A.M. |
| Defendants. | ROOM: B |
| | THE HONORABLE MARIA-ELENA JAMES |

## I. INTRODUCTION

The instant lawsuit arises out of Plaintiff, KATHLEEN McLAUGHLIN's former employment with the County of Solano. A complaint alleging various federal and state claims was filed in the United States District Court for The Northern District of California on September 24, 2007. Plaintiff alleges venue is proper in the Northern District of California, "pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial jurisdiction." This is incorrect. Plaintiff's claims arise out of her employment with the County of Solano, which is located in the Eastern District of California. Accordingly, Defendants request the Court dismiss Plaintiff's complaint for improper venue pursuant to FRCP 12(b)(3). Alternatively, the action

should be transferred to the United States District Court for the Eastern District, where venue is proper.

## II.  LAW AND ARGUMENT

**A.    Legal Standards.**

Except where otherwise provided by law, an action premised on federal question jurisdiction, may "only be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred … (3) a judicial district where any defendant may be found…" 28 U.S.C. § 1391(b).  When a complaint is filed in a court that is not a proper venue for the action, 28 U.S.C. § 1406 (a) is applied to a motion to dismiss or transfer based on improper venue.  *Kawamoto v. CB Richard Ellis, Inc.*, 225 F.Supp. 2d 1209, 1212 (D. Haw. 2002). That section provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or, if it be in the interest of justice, transfer such case to any district pr division in which it could have been brought." 28 U.S.C § 1406 (a). An action may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

**B.    Venue In The Northern District Is Improper.**

Plaintiff alleges this action "properly lies in the Northern District of California, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district."  Complaint ¶ 8. However, Plaintiff is wrong.  The county in which the events giving rise to Plaintiff's claims arose, the County of Solano, is not seated in the Northern District of California.  Local Rule 3-120(d), of the United States District Court for The Eastern District of California provides that the Eastern District is the proper venue for commencement of an action arising in, among other counties, the County of Solano.  Additionally, Northern District Local Rule 3-2 (c)-(e), which lists the proper division of the Northern District for an action based on county in which a substantial part of the events or omissions which gave rise to the action occurred, does not list Solano County as a County being seated in the Northern District.    Based on the allegations in the complaint, which assert the County of Solano is where the claims arose, the Northern District

is not the proper venue for this action.

### III. CONCLUSION

Defendants respectfully request the Court dismiss the instant complaint pursuant to FRCP 12(b)(3) because based on the allegations concerning venue the action was filed in the wrong judicial district. Alternatively, Defendants request the Court transfer the action to the United States District Court for the Eastern District of California where the acts giving rise to the claims occurred, where Plaintiff resides, where Defendants are employed, and where venue is more convenient and proper.

Dated:  October 12, 2007                    ANGELO, KILDAY & KILDUFF

                                             */s/ Carolee G. Kilduff*
                                            By:_____
                                                CAROLEE G. KILDUFF
                                                CORI R. SARNO
                                                Attorneys for Defendants,
                                                SOLANO COUNTY, CHRISTINE
                                                ARROSTUTO and MICHELE HARRIS

I:\CGK\McLAUGHLIN\PLDGS:PsAs.MotDismiss